G. Kenneth Gilleland General Counsel Florida Game and Fresh Water Fish Commission Tallahassee
QUESTION:
Does the Seminole Indian Tribe have the authority, even though contrary to state law, to harvest alligators on reservation lands, take the hides from said alligators, ship them in interstate commerce, receive finished alligator products (i.e. boots, wallets, luggage, etc.) in interstate commerce, and sell said products on the reservation to both Indian and non-Indian customers?
SUMMARY:
As the taking, harvesting, possessing, skinning, or transporting of alligators or alligator skins and the sale or offering for sale in this state of finished or refined alligator products are prohibited by state law except as may be lawfully licensed pursuant to s. 285.10, F. S., and Ch. 372, F. S., and implementing rules of the Game and Fresh Water Fish Commission or other applicable statute, the Seminole and Miccosukee Indian Tribes have no legal authority to conduct or carry on such activities on Indian reservations in Florida, absent federal treaty, agreement, or statute to the contrary. No relevant federal treaty, agreement, or statute has been found.
Your question as stated is answered in the negative. There are a number of statutes relevant to the consideration of your question, which for convenience are set forth herein. Section 285.09, F. S., provides:
 It shall be lawful for Indians to take wild game and fish at any time within the boundaries of the reservation, provided that game may be taken only for food for the Indians themselves. (Emphasis supplied.)
Section 285.10, F. S., provides, in part:
 For a period of 25 years from the effective date of this law [June 15, 1955], no license shall be required for Indians to hunt and fish provided such hunting or fishing is for the sole purpose of obtaining food for the Indians themselves. Nothing in this law shall serve to exempt Indians from purchasing licenses required for taking or dealing in fish (other than garfish), amphibians, reptiles, fur-bearing animals or any other form of wildlife for commercial purposes. (Emphasis supplied.)
Section 285.15(1), F. S., gives the Board of Trustees of the Internal Improvement Trust Fund the authority to grant exclusive hunting and fishing privileges and rights to the Seminole Indians covering lands under its supervision, management, or control, not to exceed a term of 15 year. However, these rights `extend only togame taken by said Indians for personal consumption, and no other license or permit shall be required . . . .' (Emphasis supplied.) Section 285.15(2), F. S., gives the Board of Trustees of the Internal Improvement Trust Fund the authority to grant to the Seminole Indians the exclusive right to take frogs for personal consumption and for commercial purposes, covering lands under its administration, management, control, and supervision, not to exceed a term of 15 years.
Section 285.16, F. S., provides in pertinent part that the criminal and civil laws of Florida apply to all Indian reservations in this state and shall be enforced in the same manner as elsewhere throughout the state.
A review of state laws relating to Indians discloses no statutory authorization to `take' or `harvest' alligators for commercial purposes, or for any purpose other than to provide food for themselves for personal consumption except by lawfully authorized or required license pursuant to Ch. 372, F. S. (Game and Fresh Water Fish Law), or other applicable statute or rule of the commission. Any criminal penalties for criminal offenses proscribed by the civil and criminal laws of the state apply and extend to Indians and Indian reservations pursuant to s. 285.16, F.S., and any such laws are enforceable against Indians on reservations the same as elsewhere throughout the state.
Several provisions in Ch. 372, F. S., relate to the taking of alligators and the sale of alligator products. Section 372.662 provides:
 Whenever the sale, possession or transporting of alligators or alligator skins is prohibited by any law of this state, or by the rules, regulations or orders of the Game and Fresh Water Fish Commission adopted pursuant to s. 9, Art. IV of the State Constitution, the sale, possession or transporting of alligators or alligator skins shall be guilty [sic] of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
The poaching of alligators or any crocodilia by killing or capturing, or by attempting to kill or capture such animals, is punishable as a felony of the third degree. Section 372.663.
*4037 To curb the activities of the increasing number of poachers who illegally kill and skin alligators for profit and to protect the alligator from extinction, s. 372.6645(3), F. S., prohibits the sale or offering for sale in this state of alligator products, as defined in s. 372.6645(2)(b). For purposes of this section, `alligator' is defined by subsection (2)(a) to mean any reptile commonly known or classified as an alligator or crocodile. Conviction of violation of this provision is punishable as a misdemeanor of the second degree.
In addition, Game and Fresh Water Fish Commission Rule 39-25.02, F.A.C, prohibits the purchase, sale, taking, or possessing of any alligator, crocodile, or black caiman, or any part thereof, except under permit. Violations of this rule the punishable as misdemeanors of the first degree pursuant to s. 372.662, F. S. Since the activities outlined in your question are prohibited by Florida law and criminally punishable, the question becomes whether, and to what extent, these laws are applicable to Indians and within the Indian reservation.
In AGO's 072-403 and 074-77, my predecessor responded to questions regarding state laws governing criminal offenses committed by or against, and civil actions between, Indians and other persons and businesses operating under leases within Indian reservations and in compliance with the laws of Florida insofar as they did not conflict with federal laws. Therein I noted that Congress had authorized the states to assume civil and criminal jurisdiction over Indians. See 67 Statute 588 (Pub.L. No. 280, 83rd Congress, First Session, passed August 15, 1953). Section 7 of that statute is as follows:
 The consent of the United States is hereby given to any other State not having jurisdiction with respect to criminal offenses or civil causes of action, or with respect to both, as provided for in this Act, to assume jurisdiction at such time and in such manner as the people of the State shall, by affirmative legislative action, obligate and bind the State to assumption thereof.
Pursuant to this Congressional authority, the Florida Legislature by Ch. 61-252, Laws of Florida, condified as s. 285.16, F. S., provided the following.
 (1) The state of Florida hereby assumes jurisdiction over criminal offenses committed by or against Indians or other persons within Indian reservations and over civil causes of actions between Indians or other persons to which Indians or other persons are parties arising within Indian reservations.
 (2) The civil and criminal laws of Florida shall obtain on all Indian reservations in this state and shall be enforced in the same manner as elsewhere throughout the state.
(Although Congress repealed s. 7 of 67 Statute 588, the repealer statute provided that such repeal does not affect cession of jurisdiction made prior to its repeal. 25 U.S.C. § 1323(b). Barring any retrocession by the Florida Legislature, the state retains cession of jurisdiction. 25 U.S.C. § 1323(a).)
It is important to note that, in transferring certain lands to the United States in trust for the use and benefit of the Seminole and Miccosukee Indians by s. 285.061, F. S., the state specifically reserved criminal and civil jurisdiction over the affected Indian reservations in accordance with s. 285.16, F. S.
All of the aforementioned statutes (and rules of the Game and Fresh Water Fish Commission) are presumptively valid, Belk-James, Inc. v. Nuzum, 358 So.2d 174 (Fla. 1978), and govern the taking, capturing, killing, selling, possessing, or transporting of alligators, alligator products, or alligator skins by Indians.
Ordinarily 18 U.S.C. § 1153 is preemptive of state jurisdiction with regard to certain specified crimes committed by an Indian `within the Indian country.' However, Congress has offered states jurisdiction with respect to criminal offenses and civil causes of action by Pub.L. No. 280. See U.S. v. John, 57 L.Ed.2d 489, fn. 24 (1978). Pursuant to s. 285.16, F. S., Florida has accepted such jurisdiction. But 18 U.S.C. § 1162(d) provides that a grant of jurisdiction to the state does not and cannot conflict with Indian rights specifically mentioned therein:
 Nothing in this section . . . shall authorize regulation of the use of such [Indian] property in a manner inconsistent with any Federal treaty, agreement, or statute or with any regulation made pursuant thereto; or shall deprive . . . any Indian tribe, band or community of any right, privilege, or immunity afforded under any Federal treaty, agreement or statute with respect to hunting, trapping, or fishing or the control, licensing, or regulation thereof.
Accordingly, if an Indian tribe has been given the right to hunt, trap, or fish, or to control, license, or regulate hunting, trapping, or fishing, by any federal treaty, agreement, or statute, Pub.L. No. 280 does not deprive the Indian tribe of that right. This proposition has been judicially recognized in both state and federal courts. See cases discussed in Quechan Tribe v. Rowe, 350 F. Supp. 106 (S.D.Cal. 1972), aff'd 531 F.2d 408 (9th Cir. 1976).
I can find no relevant federal treaty, agreement, or statute giving the Seminole Tribe or the Miccosukee Tribe the right to conduct the activities questioned above in spite of state laws proscribing such conduct. Therefore, except as may be provided for in s. 285.10, F. S., and Ch. 372, F. S., or other governing statute or implementing rule of the Game and Fresh Water Fish Commission, the Seminole and Miccosukee Indian Tribes lack statutory authority to take and harvest alligators on Indian reservations or to ship alligator hides in interstate commerce and receive finished or refined alligator products in interstate commerce and sell such products on Indian reservations to Indian and non-Indian purchasers.
As the taking, harvesting, possessing, skinning, or transporting of alligators or alligator skins and the sale or offering for sale in this state of finished or refined alligator products are prohibited by state law except as may be lawfully licensed pursuant to s. 285.10, F. S., and Ch. 372, F. S., and implementing rules of the Game and Fresh Water Fish Commission or other applicable statute, the Seminole and Miccosukee Indian Tribes have no legal authority to conduct or carry on such activities on Indian reservations in Florida, absent federal treaty, agreement, or statute to the contrary. No relevant federal treaty, agreement, or statute has been found.
Prepared by:
Martin S. Friedman Assistant Attorney General